John H. Gomez (SBN171485)
 *john@gomeztrialattorneys.com*
Russell A. Gold (SBN 179498)
 *rgold@gomeztrialattorneys.com*
Jeremiah A. Lowe (SBN239166)
 *jeremiah@gomeztrialattorneys.com*
**GOMEZ TRIAL ATTORNEYS**
655 W. Broadway, Suite 1700
San Diego, CA 92101
Telephone: (619) 237-3490
Facsimile: (619) 237-3496

*Attorneys for Plaintiffs Satoshi Osanai, Rikiya Osanai, and Erina Osanai Sharp*

**UNITED STATES DISTRICT COURT FOR THE**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SATOSHI OSANAI, RIKIYA OSANAI, and ERINA OSANAI SHARP<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA, and DOES 1 through 100, inclusive<br><br>Defendants. | Case No: **'15CV1188 L    MDD**<br><br>**COMPLAINT FOR DAMAGES FOR WRONGFUL DEATH** |

**JURISDICTION AND VENUE**

1. This is an action arising under the Federal Tort Claims Act. 28 U.S.C. §§ 2671 *et seq*. This Court has subject matter jurisdiction for this case pursuant to 28 U.S.C. § 1346 (b).

2. On July 14, 2014, Mathew Alexander Coleman struck Yoshiko Osanai with his car while she was walking on a sidewalk in a residential area. Yoshiko Osanai died at the scene. The accident occurred just south of 10300 San Diego Mission Road, in the County of San Diego.

3. Based on information and belief, Mr. Coleman was acting within the course and scope of his employment with the United States Navy when he killed Yoshiko Osanai. In fact, plaintiffs are

informed and believe Mr. Coleman was talking to his employer on his cell phone at the time of the incident.

4. Venue is proper in the United States District Court for the Southern District of California because a substantial part of the events or omissions giving rise to this claim occurred in this District.

**PARTIES**

5. Plaintiff Satoshi Osanai is a citizen of the United States and a resident of San Diego, California at the time of the incident. Satoshi Osanai is decedent's surviving husband.

6. Plaintiff Rikiya Osanai is a citizen of the United States and was a resident of San Diego, California at the time of the incident. Rikiya Osanai is decedent's son.

7. Plaintiff Erina Osanai Sharp is a citizen of the United States and was a resident of San Diego, California at the time of the incident. Erina Osanai Sharp is decedent's daughter.

8. Plaintiffs are informed and believe that at the time of the incident, the driver, Matthew Alexander Coleman was employed by the United States Navy ("Navy"), and resided in San Diego, California.

9. Plaintiffs are informed and believe that defendant United States of America is, and at all relevant times herein was, a governmental entity, organized pursuant to the Constitution of the United States.

10. Plaintiffs are informed and believe that defendant United States of America is vicariously liable for the negligent acts of its employee Mathew Alexander Coleman, who was acting in the course and scope of his employment as an officer, employee, or servant of defendant United States of America at all relevant times herein alleged.

**PROCEDURAL ALLEGATIONS**

11. On or about January 23, 2015, each plaintiff served on defendant a Claim for Damage, Injury, or Death pursuant to the Federal Tort Claims Act 28 U.S.C. § 2671 et seq.

14. Defendant United States of America served a written denial of the claim on or about May 7, 2015.

15. In accordance with 28 U.S.C. § 2675(a), plaintiffs now file this action.

///

## GENERAL ALLEGATIONS

16. Plaintiffs are informed and believe that on July 30, 2014, decedent Yoshiko Osanai was walking westbound on the sidewalk on the south side of San Diego Mission Road when Mathew Alexander Coleman struck decedent with his car as he was making a right turn from the driveway of 10343 San Diego Mission Road to eastbound San Diego Mission Road.

17. Plaintiffs are informed and believe that Mr. Coleman caused the accident that killed decedent because, among other things, Mr. Coleman failed to exercise reasonable care while driving, failed to look out for the safety of pedestrians, and failed to yield the right of way to decedent as she walked on the sidewalk in a residential area. As a result, Mr. Coleman knocked decedent to the ground and drove over her with his vehicle. Plaintiffs are informed and believe that Mr. Coleman drove approximately 80 feet with decedent under his vehicle, causing the fatal injuries. Plaintiffs are informed and believe that, among other things, Mr. Coleman violated Section 21952 of the California Vehicle Code.

18. Based on information and belief, Mr. Coleman was acting in the course and scope of his employment for the Navy at the time of the incident. Plaintiffs are informed and believe that, among other things, Mathew Coleman was talking on his mobile phone to his work supervisor at the time of the incident.

## FIRST CLAIM FOR RELIEF

### (Plaintiff's Claim For Negligence Under 28 U.S.C. § 1346(b)

### Against UNITED STATES OF AMERICA)

19. Plaintiffs hereby incorporate each and every allegation contained in Paragraphs 1 through 18 above as though fully set forth herein.

20. At all relevant times herein alleged, the employees, agents and servants of defendant United States of America had a duty to act with reasonable and due care for the safety of others on the roadways and residential sidewalks and in not causing harm or bodily injury to pedestrians such as decedent Yoshiko Osanai.

21. On July 30, 2014, defendant United States of America, by and through its employee and agent Mathew Alexander Coleman, breached its duty of care by failing to use reasonable care when

operating a vehicle including failing to yield the right of way to a pedestrian, decedent Yoshiko Osanai.

22. Defendant's employee Mr. Coleman knew or should have known in the exercise of reasonable care that his acts and omissions as alleged herein would result in harm to the public in general, and did in fact cause the death of Yoshiko Osanai.

23. The acts and omissions by Mathew Alexander Coleman, acting in the course and scope of his employment with defendant United States of America as herein alleged, was the legal cause of Yoshiko Osanai's death and plaintiffs' damages in this case.

24. As a proximate cause of the wrongful acts of defendant's employee while acting within the scope and course of his employment, Yoshiko Osanai died, and plaintiffs suffered the losses and harm alleged herein.

25. Plaintiffs, as the surviving husband and children of Yoshiko Osanai, are decedent's sole remaining heirs entitled to file this action.

26. As direct and proximate result of the negligent acts and omissions of defendant's employee while acting within the course and scope of his employment, plaintiffs and each of them have suffered economic loss and the non-economic loss of Yoshiko Osanai's love, companionship, comfort, care, assistance, protection, affection, society and moral support, all in an amount according to proof at trial.

**SECOND CLAIM FOR RELIEF**

**(Plaintiff's Claim For Negligence Per Se**

**Under 28 U.S.C. § 1346(b) Against UNITED STATES OF AMERICA)**

27. Plaintiffs hereby incorporate each and every allegation contained in Paragraphs 1 through 26 above as though fully set forth herein.

28. California Vehicle Code Section 21952 states: "The driver of any motor vehicle, prior to driving over or upon any sidewalk, shall yield the right-of-way to any pedestrian approaching thereon." On July 30, 2014, among other things, Mr. Coleman failed to yield the right-of-way to decedent before driving over or upon the sidewalk upon which she was walking, and instead ran her over causing her death. Defendant, by and through its employee Mathew Alexander Coleman, thus at

a minimum violated Section 21952 of the California Vehicle Code.

29. The acts and omissions of Mathew Alexander Coleman, acting in the course and scope of his employment with defendant United States of America, as herein alleged, was the legal cause of Yoshiko Osanai's death, and plaintiffs' damages in this case.

30. Plaintiffs, as the surviving husband and children of Yoshiko Osanai, are decedent's sole remaining heirs entitled to bring this action.

31. As direct and proximate result of the negligent acts and omissions of defendant's employee while acting within the course and scope of his employment, plaintiffs and each of them have suffered economic loss and the non-economic loss of Yoshiko Osanai's love, companionship, comfort, care, assistance, protection, affection, society and moral support, all in an amount according to proof at trial.

WHEREFORE, Plaintiffs pray for judgment against defendant United States of America as follows:

1. For general damages in an amount to be proven at trial;
2. For special damages in an amount to be proven at trial;
3. For incidental damages;
4. For attorneys' fees as permitted by law;
5. For prejudgment interest as permitted by law;
6. For costs of suit incurred herein; and
7. For such other and further relief as the court may deem just and proper.

May 28, 2015 **GOMEZ TRIAL ATTORNEYS**

By: /s/ Jeremiah Lowe
John H. Gomez
Russell A. Gold
Jeremiah A. Lowe
*Attorneys for Plaintiffs Satoshi Osanai, Rikiya Osanai, and Erina Osanai Sharp*